**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AISHA BRYANT** | : | |
| | : | |
| | : | **CIVIL ACTION COMPLAINT NO**. |
| Plaintiff, | : | |
| | : | **JURY TRIAL OF TWELEVE (12)** |
| | : | **JURORS DEMANDED** |
| v. | : | |
| | : | |
| **TRANS UNION LLC** | : | |
| | : | |
| **And** | : | |
| | : | |
| **EQUIFAX INORAMTION SERVICES LLC** | : | |
| | : | |
| Defendant. | : | |

**CIVIL ACTION COMPLAINT**

1.      This is an action for actual, statutory and punitive damages, costs, and attorney's fees

pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial

part of the events giving rise to the claim occurred here since Plaintiff resides in the Eastern District

of Pennsylvania and their damages occurred here.

**PARTIES**

4.   Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. §

1681a(c).

5.   Defendant, Trans Union, LLC, is a For-Profit Limited Liability Company registered

to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a

"consumer reporting agency," as defined by 15 U.S.C. §1681a(f), and engaged in the business

of assembling, evaluating, and disbursing information concerning consumers for the purpose

of furnishing consumer reports, as defined by 15 U.S.C. §1681a(d), to third- parties. Trans

Union's headquarters is located in the Eastern District of Pennsylvania.

6.      Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a Foreign For-

Profit Limited Liability Company registered to do business in the Commonwealth of Pennsylvania

and with a registered agent in the Commonwealth of Pennsylvania. Defendant is a "consumer

reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing

consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and

belief, Equifax is reporting consumer credit files on over 250,000 consumers in Pennsylvania.

## FACTUAL ALLEGATIONS

7.      Plaintiff incorporates by reference all the foregoing paragraphs as though the same
were set forth at length herein.

8.      Defendants are reporting Plaintiff's Pennsylvania Higher Education Assistance Agency
d/b/a Fedloan Servicing (PHEAA) account #8485**** on Plaintiff's credit reports.

9.      Plaintiff's debt with PHEAA arose from a student loan. PHEAA closed the account
and transferred it on December 26, 2017, ceasing all payment obligations to PHEAA at this time.

10.     The trade line was updated to reflect a $0 balance when the account was closed and
transferred on December 26, 2017.

11.     According to Plaintiff's Trans Union credit report dated 01/16/2019, Plaintiff's
PHEAA account was closed with a $0 balance on or about December 26, 2017. Despite the
PHEAA account being closed with a $0 balance on or around December 26, 2017, PHEAA

continued to report an erroneous pay status of "Account 120 Days Past Due Date" for the above listed account on Plaintiff's Trans Union report dated 01/16/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as Account 120 Days Past Due Date as of 01/16/2019. Not only is the PHEAA account false on the face of the credit report but this reporting is misleading because it makes it look like the Plaintiff is still late on this account that was previously closed and transferred with a $0 balance. In addition to being inaccurate, it lowers Plaintiff's credit scores and further damages Plaintiff's creditworthiness and credit reputation.

12. According to Plaintiff's Equifax credit report dated 01/12/2019, Plaintiff's PHEAA account was closed with a $0 balance on or about 12/2017. Despite the PHEAA account being closed with a $0 balance on or around 12/2017, PHEAA continued to report an erroneous pay status of "Over 120 Days Past Due" for the above listed account on Plaintiff's Equifax report dated 01/12/2019. It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as Over 120 Days Past Due as of 01/12/2019. Not only is the PHEAA account false on the face of the credit report, but this reporting is misleading because it makes it look like the Plaintiff is still late on this account that was closed and transferred with a $0 balance. In addition to being inaccurate, it lowers Plaintiff's credit scores and further damages Plaintiff's creditworthiness and credit reputation.

13. The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The accounts are inaccurately reporting that Plaintiff is currently "Account 120 Days Past Due Date" or "Over 120 Days Past Due" on accounts that have a $0 balance. Plaintiff's financial obligations that were once due to PHEAA have ceased. At

the time that the account was closed, the account should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently past due "Account 120 Days Past Due Date" or "Over 120 Days Past Due", the correct reporting would have reported the pay status as "closed".  Reporting the account as currently Account 120 Days Past Due Date or Over 120 Days Past Due appears as if the account is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of Account 120 Days Past Due Date or Over 120 Days Past Due is reporting as if Plaintiff is currently late on payments to PHEAA even if those late payments are $0. If no balance is owed, the consumer cannot be late paying the balance, the pay status must report as "closed." By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

14.    Plaintiff disputed the inaccurate late pay status on Plaintiff's PHEAA account through dispute letters sent to Trans Union and Equifax.

15.    Trans Union and Equifax did not follow reasonable procedures to assure maximum possible accuracy and have been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

16.    Trans Union and Equifax did not provide a good faith investigation into the disputed pay status of the PHEAA account. Trans Union and Equifax did nothing more than parrot inaccurate data from PHEAA in their investigation.

17.    PHEAA did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the PHEAA account.

18.     Based upon information and belief, Trans Union and Equifax received Plaintiff's dispute and transmitted the dispute to PHEAA, triggering the investigations duties for all defendants, however all defendants failed. Had they done so, they would have discovered that the reporting of a late pay status for a $0 balance account is nonsensical and wrong. Instead, Trans Union and Equifax verified the erroneous trade line displaying the late pay status.

19.     PHEAA continues to report, and Trans Union and Equifax continue to allow PHEAA to report, a pay status indicating that the debt is currently late.

## COUNT I
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

20.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

21.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

22.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

23.     Trans Union negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Trans Union allowed PHEAA to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

24.     Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C.

§1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

25.     Plaintiff's PHEAA account was closed with a $0 balance, but Trans Union continues to report the account with a late/past due status. If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance. This is nonsensical. This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that this account was paid, however, they continue to report a current status as past due.

26.     As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

27.     Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

**COUNT II**
**TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C.**
**§1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT**

28.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

29.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

30.    Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

31.    Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify in accurate information after receiving Plaintiff's dispute. Plaintiff requested that Trans Union reinvestigate the inaccurate reporting of the current pay status on their PHEAA account via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Account 120 Days Past Due Date".

32.    Trans Union did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that PHEAA was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Trans Union failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the PHEAA account. Trans Union simply parroted data from PHEAA. Trans Union did nothing more than to simply regurgitate data from PHEAA.

33.    The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

34.     As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

35.     Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n.  In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT III
## EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

36.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

37.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

38.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

39.     Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Equifax allowed PHEAA to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

40.     Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax was complying with 15 U.S.C.

§1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

41.     Plaintiff's PHEAA account was closed with a $0 balance, but Equifax continues to report the account with a late/past due status. If Equifax had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance. This is nonsensical. This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that this account was paid, however, they continue to report a current status as past due.

42.     As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

43.     Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Equifax was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

<u>COUNT IV</u>
<u>EQUIFAX INFORMATION SERVICES LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT</u>

44.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

45.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

46.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

47.     Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify in accurate information after receiving Plaintiff's dispute. Plaintiff requested that Equifax reinvestigate the inaccurate reporting of the current pay status on their PHEAA account via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status:  Over 120 Days Past Due".

48.     Equifax did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that PHEAA was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Equifax needed to determine this was in its own records and files. Equifax failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the PHEAA account. Equifax simply parroted data from PHEAA. Equifax did nothing more than to simply regurgitate data from PHEAA.

49.     The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation. If Equifax would have thoroughly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Equifax had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

50.     As a direct and proximate cause of Equifax's failure to perform its duties under the

FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

51.     Equifax's conduct, action, and inaction was willful, rendering it liable for actual and

statutory damages, and punitive damages in an amount to be determined by the jury pursuant to

15 U.S.C. § 1681n.  In addition to willful, Plaintiff also alleges that Equifax was negligent, which

entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### *Third Parties have viewed Plaintiff's Trans Union and Equifax Credit Reports*

52.     The PHEAA account that was reported on Plaintiff's Trans Union and Equifax credit

reports has been viewed by third parties all to the detriment and loss of the Plaintiff.

53.     Plaintiff has suffered actual harm due to Trans Union and Equifax still reporting the

negative tradeline provided by PHEAA on Plaintiff's Trans Union and Equifax reports even

though Trans Union and Equifax were put on notice of the inaccurate negative reporting through

Plaintiff's dispute letters.

54.     Plaintiff's credit reports, credit information and file formulated by Trans Union and

Equifax have been viewed by current and potential credit grantors and extenders of credit, as

indicated by inquiries on each of their credit reports. The inaccurate information furnished by

PHEAA and reported by Trans Union and Equifax is continuing to damage the Plaintiff's credit

rating as well as their credit reputation.

55.     At all times pertinent hereto, Defendants were acting by and through their agents,

servants, and/or employees who were acting within the course and scope of their agency or

employment, and under the direct supervision and control of the Defendants herein.

56.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

a.  Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
ATTORNEY FOR PLAINTIFF
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
mweisberg@weisberglawoffices.com

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
ATTORNEY FOR PLAINTIFF
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
gary@schaflaw.com

BY: */s/ Dennis McCarty*
DENNIS McCARTY, ESQ
McCARTY & RABURN A CONSUMER LAW FIRM, PLLC
ATTORNEY FOR PLAINTIFF (*Pro Hac Vice* to pend)
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd
Suite 101 #504
Rockwall, TX 75032

817-704-3375
Fax: 817-887-5069
dennismccartylaw@gmail.com

DATED: 1-11-2021